MERRITT, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority’s decision in Section II.B to reverse and remand on the prisoner’s claim that the guards filed a false misconduct claim against him in re *422 taliation for plaintiffs participation in the ombudsman investigation. I would also reverse and remand on plaintiffs first claim against Wardens Berghuis and Suth-erby. The district court and this court have now disposed of the prisoner’s § 1983 claim of retaliatory transfer on summary judgment. I think there is a material dispute of fact on this issue. The warden states that the prisoner was transferred to another Michigan prison facility because as the head of the “Warden’s Forum” the prisoner was “organizing a protest movement” with other prisoners. But where is the proof? The prisoner denies any such behavior. The only thing the Warden cites is a letter the prisoner wrote to the Warden’s superior at the central corrections office. The prison rules themselves provide that such letters may be written to “The Director or any other Central Office staff.” P.D. 05.03.118 (effective 6/6/05. See Siggers v. Campbell, 652 F.3d 681, 685 (6th Cir.2011)).
I do not understand the explanation that this letter to Central Staff is per se unprotected from retaliation because it was written to the Warden’s superior and did not follow the “chain of command.” If the letter had been written to complain about being beaten by guards acting on instructions of the Warden or the prison’s “deliberate indifference” to a broken leg or heart attack, surely the letter could not justify the Warden’s immediate retaliation by transferring him. It would have been protected by the First Amendment and the Eighth Amendment, as well as his grievance rights under the Prison Litigation Reform Act, 42 U.S.C. § 1997. I would not shut off the prisoner’s right to his day in court by summary judgment when there is a clear dispute of fact on a constitutional issue.